**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Luana Parker, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:16-cv-270 |
| TRS Recovery Services, Inc., a Colorado corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Luana Parker, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendant reside here.

**PARTIES**

3. Plaintiff, Luana Parker ("Parker"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt, which was owed for a check written to "Goes Loving Care".

4. Defendant, TRS Recovery Services, Inc. ("TRS"), is Colorado corporation

that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant TRS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant TRS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant TRS is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Indiana.

6. Defendant TRS is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Ms. Parker fell behind on paying her bills, including a debt she allegedly owed to Goes Loving Care. Defendant TRS sent Ms. Parker an initial form collection letter, dated May 18, 2015, which stated that it was about: "Customer: Goes Loving Care". The letter also stated that Ms. Parker should "See reverse side for important information including the Federal Validation notice, and the enclosed Telecheck Privacy Statement". A copy of Defendant's letter is attached as Exhibit C.

8. The "Federal Validation" notice is the information that is required by § 1692g of the FDCPA, i.e., that the consumer has 30 days to dispute the debt, the name of the current creditor, etc., see, 15. U.S.C. § 1692g.

9. The backside of Defendant's letter did not contain a validation notice, but it

did state under the "Privacy Statement" that the "current creditor", TeleCheck Services, Inc., had certain policies. Defendant's letter failed to explain what the relationship or difference was between the "Customer" and the "Current Creditor", see, Exhibit C.

10. A simple statement that the debt was owed to TeleCheck, would have sufficed to identify effectively the name of creditor to whom the debt was then owed. Moreover, the placement of the current creditor information within the privacy notice made it unlikely that anyone would see -- let alone understand it.

11. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, they had to provide Ms. Parker with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

15. Defendant's form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to identify effectively that TeleCheck was the current creditor to whom the debt was owed. See, Braatz v. Leading Edge Recovery Solutions, 2011 U.S.Dist.LEXIS 123118 (N.D. Ill. 2011); Walls v. United Collection Bureau, 2012

U.S.Dist.LEXIS 68079 (N.D. Ill. 2012); Deschaine v. National Enterprise Systems, 2013 U.S.Dist.LEXIS 31349 (N.D. Ill. 2013); and Pardo v. Allied Interstate, 2015 U.S.Dist.LEXIS 125526 (S.D. Ind. 2015).

16. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692g –
### No Effective 30-Day Validation Notice

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it.

19. Specifically, nowhere in Defendant's initial collection letter to Ms. Parker (Exhibit C) did it set forth the statutorily-required 30-day validation notice.  Moreover, Defendant did not provide Ms. Parker with a 30-day validation notice within 5 days of Defendant's initial collection communication to Ms. Parker.  Accordingly, Defendant has violated § 1692g of the FDCPA.

20. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

21. Plaintiff, Luana Parker, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom

Defendant attempted to collect a delinquent consumer debt, via the same initial form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

22. Defendant TRS regularly engages in debt collection, using the same form collection letter they sent Plaintiff Parker, in their attempts to collect delinquent consumer debts from other consumers.

23. The Class consists of more than 35 persons from whom Defendant TRS attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Parker.

24. Plaintiff Parker's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

26. Plaintiff Parker will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Parker has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Luana Parker, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Parker as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Parker and the Class, and against Defendant TRS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Luana Parker, individually and on behalf of all others similarly situated, demands trial by jury.

                                            Luana Parker, individually and on behalf of all others similarly situated,

                                            By: /s/ David J. Philipps
                                            One of Plaintiff's Attorneys

Dated: February 1, 2016

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com